UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN CECIL HAYGOOD,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELO,<br><br>    Respondent. | Case No. 5:19-cv-01527-CAS-JC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION AND THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

On August 15, 2019, petitioner formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") with an attached memorandum ("Petition Memo").[1] Petitioner pleaded guilty and was convicted in Riverside County Superior Court Case No. RIF1403317 of "assault with the use of a gun, personal[] use of a firearm and inflict[ing] GBI [great bodily injury] with a firearm" pursuant to a negotiated disposition whereby the parties agreed that petitioner would receive a thirteen year sentence, and petitioner was sentenced to a total of thirteen years in state prison – three years under California Penal Code

---

[1] Petitioner appears to have signed the Petition on August 11, 2019. The envelope in which the Petition was mailed is post-marked August 12, 2019. The Petition was received by the Clerk on August 15, 2019.

section 245(a)(2), plus an upper term sentence of ten years under California Penal Code section 12022.5. (Petition Memo at 2-3). Petitioner now claims that (1) the trial court improperly made "dual use" of petitioner's personal use of a firearm both to enhance his sentence and as a basis for the imposition of an upper term sentence; and (2) petitioner's trial counsel was ineffective relative to the imposition of the upper term sentence and sentencing proceeding. (Petition at 5-6; Petition Memo at 12-23).

Based upon the Petition and Petition Memo, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition and this action should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(c)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition.[2] As petitioner did not

---

[2] Petitioner's passing invocation of S.B. 520 (see Petition Memo at 17) – which does not even apply to petitioner's case and would not afford a cognizable basis for federal habeas relief –
(continued...)

2

pursue a direct appeal (see Petition at 2), his conviction became final on September 16, 2014 – sixty days after sentencing on July 18, 2014 (see Petition at 2) – when the time to appeal the judgment expired. See Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of rendition of a judgment); Cal. Penal Code § 1237(a) (a "sentence" constitutes a "final judgment" for purposes of a defendant's right to appeal). Therefore, the statute of limitations commenced to run on September 17, 2014, and absent tolling, expired on September 16, 2015 – nearly four years before petitioner appears to have signed the Petition.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that

---

²(...continued) does not alter the commencement of the statute of limitations. Such provision – which gives trial courts discretion to strike firearm enhancements brought under, *inter alia*, California Penal Code section 12022.5 – became effective on January 1, 2018 and is not retroactive to criminal judgments, such as petitioner's, that were final as of its effective date. See Chavez v. Baughman, 2018 WL 5734654, at *2 (C.D. Cal. Oct. 28, 2018); see also People v. McDaniels, 22 Cal. App. 5th 420, 424 (2018) (S.B. 620 applies "retroactively to non-final judgments"). Such a *state law* provision would not provide a basis for a later accrual under 28 U.S.C. section 2244(d)(1)(C) because it does not involve a federal constitutional right, let alone one recognized by the United States Supreme Court, and made retroactively applicable to cases on collateral review. Nor would it provide a basis for a later accrual date under 28 U.S.C. section 2244(d)(1)(D) because, even assuming petitioner could not have timely discovered the existence of such provision, such a change in the law would constitute a *legal, not a factual predicate* for petitioner's claims. See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) ("If a change in (or clarification of) state law. . . in a case in which [petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."), cert. denied, 546 U.S. 1171 (2006).

3

interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). As noted above, the statute of limitations commenced to run on September 17, 2014. By the time petitioner filed his first state habeas petition with the Riverside County Superior Court on April 7, 2016 (see Petition at 3), the limitations period had already expired. Petitioner's late-filed state habeas petitions could not toll or revive the expired limitations period. See Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed") (quoting Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003)), habeas corpus denied, 2016 WL 3792822 (C.D. Cal. July 12, 2016).

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Petitioner alleges that because this was the first time he was in prison, he did not know what he needed to do or how to file for the relief he has been seeking until now. (Petition at 3). Petitioner's confusion or ignorance of the law does not entitle him to equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir.) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") (citation omitted), cert. denied, 558 U.S. 897 (2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (ignorance of the law is not grounds for equitable tolling). To date, it does not appear from the Petition/Petition Memo or the current record that petitioner has met his burden to demonstrate that he is entitled to tolling sufficient to render the Petition timely.

///

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Perkins, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 569 U.S. at 387, 399; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.

///

///

1    For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **September 11, 2019**, why the Petition and this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: August 21, 2019.                    /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.